CHARLES BALLANCE, Appellant, *v.* JOHN RANKIN, Appellee.

APPEAL FROM PEORIA.

In an action of ejectment, the plaintiff is bound by his allegations in his declaration, and must recover according to the case made by it.

He cannot recover a different estate, than that claimed by his declaration.

But if he declares for the whole premises, he may recover a distinct part; or he may, if he declares for an undivided share, recover that share in any part of the premises.

If he declares for the whole of certain premises, he cannot recover an undivided interest therein.

This was an action of ejectment, brought in the Peoria Circuit Court, and tried before Kellogg, Judge, and a jury, at May term, 1851, of that Court. The jury found Ballance guilty of withholding possession of the undivided one-fourth of the lands and tenements described in the declaration, and that the title of the plaintiff to that undivided fourth part is a fee simple title. The The plaintiff, by his declaration, claimed title in fee to the entire tract and premises described in his declaration. On the trial, Ballance, the defendant, requested the Court to instruct the jury, "That the plaintiff having brought suit to recover the whole premises covered by the patent from the United States to the legal representatives of Simon Roi, and not shewing by his proof a right to recover more than the one-fourth part of said premises, and not claiming the property as a tenant in common with the defendant, but by a paramount title; he cannot in this action recover an undivided interest, the deed to plaintiff not being for a specific part of said premises, by metes and bounds.

"That the plaintiff having declared for the whole premises covered by the patent from the United States to the legal representatives of Simon Roi, as described in the declaration, and not for an undivided part of said premises; and only showing by his proof, a right to recover an undivided fourth part of the premises described in the declaration, he cannot recover such undivided part, where he claims the whole." Which the Court refused to do.

Ballance appealed, and among other errors, assigns the refusal of the Court below to give the foregoing instructions.

C. BALLANCE, for himself.

N. H. PURPLE, for Appellee.

Ballance *v.* Rankin.

TREAT, C. J.    This was an action of ejectment brought by Rankin against Ballance, for the recovery of a lot of ground in the city of Peoria, covered by French claim twenty-nine. The plaintiff in his declaration claimed the whole lot in fee. On the trial, the defendant asked the Court to charge the jury, that the plaintiff having declared for the whole premises, could not recover an undivided interest therein. The instruction was refused, and the defendant excepted. The plaintiff obtained a verdict and judgment, for one undivided fourth part of the premises claimed.

Did the Court err in refusing to charge the jury as requested? The answer must depend upon the construction to be given to the 36th chapter of the Revised Statutes. The 7th section, after prescribing the general form of the declaration in ejectment, declares: "If such plaintiff claims any undivided share or interest in any premises, he shall state the same particularly in such declaration." The 8th section provides: "If the action be brought for the recovery of dower, the declaration shall state that the plaintiff was possessed of the one undivided third part of the premises, as her reasonable dower, as widow of her husband, naming him. In every other case the plaintiff shall state whether he claims in fee, or whether he claims for his own life, or the life of another, or for a term of years, specifying such life or the duration of such term." It was evidently the design of the Legislature, to require the plaintiff in ejectment to set forth specially in his declaration, the nature and extent of the estate claimed to be recovered. The language of the statute is plain and explicit. It admits of but a single meaning. It is imperative, and not directory. These provisions were made for some substantial and practical purpose. And they are founded on very good reasons. The declaration apprises the defendant of the precise character of the estate sought to be recovered against him. If he finds that he cannot successfully resist the claim, he may let judgment pass by default, and thus save the expense and trouble of further litigation. Or, if he chooses to make a defense, he has only to come prepared to meet and resist a particular and not a general claim. But, if the statute is to be regarded as directory merely, and the plaintiff is not bound by the averments in his declaration, these provisions will become

wholly inoperative, and cease to answer any useful or practical purpose. The plaintiff will declare generally in all cases, and a contest will be unavoidable, whenever he is not entitled to an estate in fee in the whole of the premises described in the declaration. We hold that the plaintiff is bound by his allegations. He must recover according to the case made in his declaration. He cannot recover a different estate than the one he claims. If he claims an estate in fee, he cannot recover a less estate. If he claims an estate for life, he cannot recover an estate in fee, or for years. If he claims an estate for years, he cannot recover an estate for life, or in fee. If he demands the whole of the premises, he cannot recover an undivided interest therein. If he demands an undivided share, he cannot recover a different share. But, if he declares for the whole premises, he may recover any distinct part or parcel thereof. And, if he declares for an undivided share, he may recover the same share in any part of the premises. This construction will give effect to all of the provisions of the statute, and, as we believe, carry out the clear intentions of the Legislature. Nor can any inconvenience or injustice result to the parties. The plaintiff may provide against any variance between the allegations and the proofs, by inserting several counts in his declaration. This is expressly authorized by the 9th section. He may thus anticipate any state of case likely to arise on the trial, and avoid the effects of a variance. And the defendant may put in issue one or all of the counts of the declaration.

Our statute concerning ejectment is substantially a transcript of the New York statute on the same subject, which has been in force in that state for many years. It is a safe rule in the interpretation of statutes, that where one state adopts a statute of another state, which has already received a known and definite construction in its courts, it is presumed to adopt the construction thus given. It was contended on the argument, that this principle is strictly applicable to this statute. But the position is not sustainable. The New York statute has not as yet received any fixed and uniform construction. The opinions of her Courts on the question now under consideration, have been fluctuating and conflicting; and we are, therefore, left to settle the question upon the statute itself, without the aid of judicial exposition. This will be very apparent from a brief reference

Ballance *v*. Rankin.

to the decisions in New York, bearing on this subject. In Harrison *v*. Stevens, 12 Wendell, 170, the Court held that the plaintiff might recover an undivided share, although in his declaration he claimed the whole of the premises. In Holmes *v*. Seeley, 17 Wendell, 75, the case of Harrison *v*. Stevens is questioned; and the Court intimate the true rule to be, that where the plaintiff claims the whole premises, he cannot recover an undivided interest; and so where he claims an undivided half, he cannot recover an undivided third, or fourth, or the whole. In Hinman *v*. Booth, 21 Wendell, 267, the Court held, that where the declaration is for a moiety, and the verdict for a fourth, the plaintiff may amend his declaration to correspond with the proof. In Gillet *v*. Stanley, 1 Hill, 121, the Court lay down the rule that, under a declaration claiming the entire interest in certain premises, the plaintiff cannot recover an undivided share. In Cole *v*. Irvin, 6 Hill, 634, where the declaration was for an undivided half, and the proof showed that the plaintiff was entitled to but two-sevenths, it was considered a fatal variance. In Truare *v*. Thorn, 2 Barbour's S. C. R., 156, the Court refused to set aside a verdict for the plaintiff for an undivided third part of premises, on a declaration claiming four undivided ninths. The cases seem to agree that, under the peculiar system of amendments in that state, the plaintiff may avoid the effects of a variance, by amending his declaration after verdict, so as to correspond with the proof on the trial. But the doctrine of amendments has never been carried to such an extent in this state. It is proper to add, that the point in question remains wholly undetermined by the highest tribunal in New York—the Court of Appeals.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*