ABNER G. MURPHY *et al.*

*v.*

HUGH ORR.

1. CHANCERY — *jurisdiction* — *fraud.* A court of chancery has jurisdiction to declare a conveyance void, which was made in fraud of the rights of a judgment creditor; and this jurisdiction may be exercised in favor of a purchaser, under an execution sued out in favor of such creditor.

2. PRESUMPTION — *that decree remains in force.* It being shown that a decree in chancery has been rendered, and it not being made to appear that it has been annulled, reversed or set aside, it will be presumed that it still remains in full force.

3. CHANCERY — *decree may be good against one defendant, though not as to others.* A decree against several defendants, may be good as against one, though, by reason of their not being properly in court, not operative as to the others.

4. PARTIES — *misjoinder of parties plaintiff in ejectment.* Where it appears that one of several parties plaintiff in an action of ejectment, has no title, no recovery can be had in that action, even by those having title.

5. SAME — *misjoinder of parties plaintiff generally.* While in actions *ex delicto*, the misjoinder of defendants is immaterial, the joinder of too many plaintiffs is ground of nonsuit on the trial. In this respect, actions on contract and for torts are alike.

6. EJECTMENT — *extent of recovery must conform to the declaration.* Under a declaration in ejectment for the entire premises, an undivided interest less than the whole cannot be recovered.

WRIT OF ERROR to the Circuit Court of Lawrence county; the Hon. JAMES C. ALLEN, Judge, presiding.

On the 26th day of April, 1862, Abner G. Murphy, Theodore Murphy, Thomas Murphy, James Dodge and Elizabeth Dodge, his wife, instituted their action of ejectment against Hugh Orr, to recover a certain tract of land, situate in Lawrence county, described as the northeast quarter of the southeast quarter of section nineteen, in township three, north of range twelve, west. The plaintiffs claimed in their declaration the entire premises in fee simple. Issue was formed upon plea of not guilty.

It appears the plaintiffs were the children of William V. Murphy, and Elizabeth, his wife, and to sustain the issue on their part, they introduced in evidence the transcript of a judgment, recovered by the administrators of one Riley, deceased, against William V. Murphy, and an execution issued thereon, under which the land in controversy had been sold to one George Buchanan, to whom the sheriff executed a deed. Subsequently, in December, 1844, Buchanan conveyed the land by deed, to "Abner G. Murphy, and the other heirs of the body· of William V. Murphy, and Elizabeth, his wife." This was the evidence of title relied upon by the plaintiffs.

The defendant also claimed to deduce title from the same source, William V. Murphy, and insisted his right was paramount to that of the plaintiffs.

It was shown that, at the time of the conveyance from Buchanan to the plaintiffs, there were other judgments existing against William V. Murphy, which were not satisfied, and that afterward writs of *fieri facias* were issued thereon, by virtue of which the land in controversy was levied upon and sold to Daniel L. Gold, who, in due time, received a sheriff's deed for the same, and afterward conveyed to the defendant. In the meantime, Gold had exhibited his bill in chancery in the Circuit Court of Lawrence county, reciting the several sales under execution to Buchanan and himself, and the conveyance from Buchanan to the children of William V. Murphy, and alleged that William V. Murphy himself, and with his

own money, redeemed the land from the execution sale to Buchanan, and with the view to defraud his creditors, permitted Buchanan to take a sheriff's deed, and procured the land to be conveyed by Buchanan to his children; asking that the conveyance from Buchanan to the children of William V. Murphy be declared void. And such proceedings were had in that suit in chancery that a decree was rendered, finding the fact that the conveyance from Buchanan to these plaintiffs was made in fraud of the rights of the creditors of William V. Murphy, and was, therefore, declared to be void.

It appears the suit, in which this decree was rendered, was instituted against William V. Murphy, the father of these plaintiffs, Abner G. Murphy, one of the plaintiffs, "and the other unknown children of William V. Murphy and Elizabeth, his wife." Upon affidavit of the non-residence of those defendants, and a return of "not found," as to all of them, notice by publication was given, but no personal service of process upon any of them. And when the defendant in this suit offered· in evidence the decree in chancery declaring the plaintiffs' title void, it was objected to, on the ground that there was no such mode of bringing absent and unknown defendants into court, known to our law, as that adopted in that case, of suing them as the "unknown *children* of William V. Murphy," and, therefore, the decree was inoperative to divest the title of the plaintiffs, as acquired under the deed from Buchanan.

But the Circuit Court overruled the objection, and permitted the decree to be read in evidence, to which exception was taken.

Upon this state of case, the jury returned a verdict for the defendant. A motion for a new trial was refused, and judgment entered against the plaintiffs for costs. They thereupon sued out this writ of error. The questions really involved in the case, are these : *first,* conceding that the decree which declared the deed from Buchanan to be void was inoperative to divest the title of those defendants against whom relief was sought by the description of the "unknown children of Wil-

liam V. Murphy," yet, was it not good as against Abner G. Murphy, one of those children, who was sued by his true name? *second*, if that be so, was he not improperly joined as a co-plaintiff in this suit? and, *third*, if it thus appear that one of the plaintiffs has no title, and the land being declared for as an entirety, can the remaining plaintiffs, even if they have title, recover an undivided interest, less than the whole, in this action?

Mr. J. G. Bowman, for the plaintiffs in error.

Mr. A. Kitchell, for the defendant in error.

Mr. Justice Walker delivered the opinion of the Court:

The first question which we propose to consider is, whether the decree against William V. Murphy, Abner G. Murphy, and the other unknown children of William V. and Elizabeth Murphy, was a bar to this recovery. It was on a bill in chancery, and it was against Abner G. Murphy, one of the plaintiffs in this case. That decree declares the deed from Buchanan to him and his father and mother and their children void. There is no evidence that this decree was ever annulled, reversed or set aside, but the presumption is, that it is still in full force. It cannot be questioned that the Court of Chancery had jurisdiction of the subject matter of the suit, and of the person of Abner G. Murphy, one of the plaintiffs. This being the case, whatever may be said in reference to whether the other plaintiffs were parties to that proceeding, the decree was binding on Abner G., and divested him of his title to the land in controversy. It then appears that he had no right to recover.

He was, therefore, improperly joined as a plaintiff in the suit in the court below. Whilst in actions *ex delicto*, the misjoinder of defendants is immaterial, the joinder of too many plaintiffs is ground of nonsuit on the trial. 1 Chit. Pl. 76. In this respect, actions on contract and for torts are alike.

Again, there was a fatal objection to a recovery of an undivided interest in this case, because the plaintiffs proceeded for

the entirety. Under a declaration for the entire premises, an undivided interest cannot be recovered. *Ballance* v. *Rankin,* 12 Ill. 420; *Rupert* v. *Mark,* 15 id. 540. Even if it was conceded that the decree was not binding upon the other plaintiffs, it was operative upon Abner, and it established the fact that he had no title, but it had been passed to the creditors of his father. Then if the other plaintiffs had shown title, it was for only an undivided three-fourths of the land. This established a different title from that declared for, as well as to different parties as the owners.

The judgment of the court below must, therefore, be affirmed.

*Judgment affirmed.*