## SANDERSON LYON *et al.*

### *v.*

## WILLIAM KAIN.

1.   DEED — *name of grantor.*   Where the name of the grantor, in the body of the deed, corresponds with the name of the patentee, the deed will be sufficient, although there may be a slight variance in the orthography, if the two names are the same in sound.   This is especially so, if it appears, from the acknowledgment, or proof of its execution, that the person signing it is the same described in the deed.

2. SAME. The name of the patentee was *Emmonds*, and it was so written in the body of the deed ; but the name signed to the deed was written *Emmens ;* this is not such a variance in the orthography as to destroy the presumption that it was the deed of the patentee

3. INTESTACY — *legal presumption.* Testacy is an affirmative, and intestacy is a negative fact. When the death of the ancestor is shown, until rebutted, the presumption will be indulged, that he died intestate, and that his heirs take his estate under the laws of descent.

4. DEED — *signatures.* A deed, describing the grantors as Abraham B. Kain and Samuel B. Postley, but signed A. Boudoin Kain and S. Brook Postley, where it appears that the names are correctly written in the body of the deed, and the officer, in his certificate of acknowledgment, states that he knows the persons signing the deed to be those described in, and who executed it, is sufficiently executed, and identifies the persons signing as the persons described as grantors in the deed.

5. SAME — *acknowledgment.* Under the act of 1853, it must appear from the acknowledgment that the wife executed the deed, freely and voluntarily, and knew the contents of the deed, and was examined as to these facts, separate and apart from her husband, and the officer must certify that she was known, or proved to be the grantor, to affect her title or dower in the property.

6. SAME. The act of 1853 repeals so much of the act of 1847 as is in conflict with its provisions. A deed executed after the adoption of the law of 1853, must be acknowledged in conformity with its provisions, to pass the wife's interest in the land.

7. CERTIFICATE OF CONFORMITY. The certificate, by a prothonotary, that a deed is acknowledged, in conformity with the laws of Pennsylvania, which was acknowledged in Pennsylvania before a commissioner appointed and acting under the laws of New York, is not in compliance with the 16th section of our conveyance act.

8. SAME. The certificate of a clerk in New York that a deed so acknowledged is in conformity with the laws of New York, is not a compliance with our conveyance act.

9. DECLARATION — *recovery.* A plaintiff, who counts for a fee simple title in his declaration, cannot under it recover a life estate in lands ; or when he counts for an undivided interest, he cannot recover another and different interest. The allegations and proofs must correspond.

APPEAL from the Circuit Court of McDonough county ; the Hon. C. L. HIGBEE, Judge, presiding.

This was an action of ejectment, commenced Aug. 6, 1861, for the September term, 1861, of the McDonough Circuit Court, by appellee against appellants. The declaration claims, in fee

simple, the undivided two-thirds of the S. W. 21, 6 N., 4 W., 4th P. M., situated in McDonough county, Illinois. The defendants pleaded the general issue.

A trial was had at the September term, 1863, of said court, before the judge, a jury having been waived by the parties.

On the trial, the plaintiff offered and read in evidence a patent from the United States to *James Emmonds*, for the whole tract, dated Oct. 6, 1817.

·The plaintiff then offered in evidence a deed from *James Emmens* to David B. Kain, dated Dec. 13, 1817, for the· whole tract. The proof of execution by a subscribing witness is that witness saw *James Emmens* sign the deed, etc. The defendants objected to the deed being read in evidence for irrelevancy and because of a variance between the name of the grantor and that of the patentee, but the court overruled the objection, and permitted the deed to be read in evidence, to which the defendants then and there excepted.

The plaintiff then offered in evidence a quit-claim deed, to himself, for the whole tract, dated Sept. 28, 1859, naming, in the body of the deed, as grantors, Samuel B. Postley, of the city of New York, and Agnes, his wife; Washington M. Postley, of Philadelphia, State of Pennsylvania, and Amelia Ann, his wife; Francis Kain, of the said city of New York; James Kain, of said city; and Abraham B. Kain, of said city; and describing said Agnes Postley, Amelia Ann Postley, Francis Kain, James Kain, and Abrahan B. Kain, as the only heirs at law of James Kain, late of the city of New York, deceased. This deed purports to be signed and sealed by S. Brooke Postley, Agnes H. Postley, W. M. Postley, A. A. Postley, Francis Kain, A. Boudouine Kain, M. Elizabeth Kain, and James Kain.

The deed· was acknowledged Nov. 4, 1859, by *S. Brooke Postley*, and Agnes, his wife, before "a notary public within and for the city and county and State of New York," the certificate bearing date at said city, county and State, and complying in form and substance with the laws of Illinois in the matter of the acknowledgment. Appended to the certificate of acknowl-

edgment, is a certificate by the clerk of the New York Court of Common Pleas (a court of record), dated Aug. 30, 1861, that the deed is executed and acknowledged in conformity with the laws of the State of New York in force at the date of certificate of acknowledgment.

There is no evidence, however, that the deed was ever recorded in McDonough county, where the land lies.

The following certificate is also appended to this deed:

STATE OF PENNSYLVANIA, }
City and County of Philadelphia. }

" On the twenty-eighth day of September, in the year one thousand eight hundred and fifty-nine, before me, the undersigned, Edward Shippen, a commissioner resident in the said city and county, duly commissioned and qualified by the executive authority and under the laws of the State of New York to take the acknowledgment of deeds, etc., to be used or recorded therein, personally appeared Washington M. Postley, and Amelia Ann, his wife, and then and there acknowledged that they executed the foregoing conveyance; and the said Amelia Ann Postley, on a private examination apart from her said husband, Washington M. Postley, acknowledged that she signed, sealed and delivered such conveyance freely and without any fear or compulsion of said husband.

　　" In witness whereof, I have hereunto set my hand and [SEAL.]　affixed my official seal the day and year aforesaid.

" EDW. SHIPPEN,
　　　　　　　　　" *A. Com. for New York.*"

To this certificate of Edward Shippen is appended a certificate of the Secretary of State of New York, of Nov. 14, 1861, that Shippen was, at the date of his certificate, a commissioner of deeds for the State of New York, etc.

Appended also are two certificates, one by a clerk of a court of record of New York, and the other by a prothonotary of a court of record of Pennsylvania, certifying that the deed is executed and acknowledged in conformity with the laws of their respective States at the date of the certificate of acknowledgment.

On the 16th of November, 1859, the deed was acknowledged by James Kain and wife before a notary public, the caption or venue being as follows: " State of New York, City and County of New York, *ss.*," and the certificate being signed, " M. L. Townsend, Notary Public, residing in Kings county."

On the deed appears also the following acknowledgment:

" CITY AND COUNTY OF NEW YORK, *ss.*

" On this 28th day of November, A, D. 1859, before me personally appeared Francis Kain and Abraham B. Kain, both known to me to be two of the parties described in and who executed the within deed, and severally acknowledged to me that they executed the same.

[SEAL.]                    " W. R. ENGLISH, *Notary Public,*
                                      " 34 Wall St., New York."

Then appears a certificate by a clerk of a court of record of the State of New York, dated November 1st, 1861, by which *A. Boudouine Kain,* James Kain, and M. Elizabeth Kain his wife, Francis Kain, and Washington M. Postley, are shown to have properly executed and acknowledged the deed under the laws of Illinois.

On the deed being offered in evidence, the defendants objected to the same being read in evidence generally, and for want of sufficient proof or acknowledgment of execution as to each of the grantors, but the court overruled the objection and permitted the said deed to be read in evidence; to all which the defendants then and there excepted.

The court found the issues for the plaintiff. The defendants then moved for a new trial, but the court overruled the motion, and rendered judgment for the undivided two-thirds of the land, also for one cent damages and for costs; to which refusal to grant a new trial, the defendants did then and there except.

The case comes into this court by appeal taken by the defendants below, and the following errors are assigned:

1.   The court below erred in admitting improper evidence on behalf of the plaintiff below.

2.   The court below erred in finding the issues for the plaintiff.

3. The court below should have found the issues for the defendants below.

4. The finding of the issues for the plaintiff by the court below, was against the law and the evidence.

5. The court below erred in refusing to grant a new trial.

Messrs. JUDD, BOYD & JAMES, for the Appellants.

Mr. JOHN S. BAILEY, for the Appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The patent from the United States government, for the land in controversy, was issued to James *Emonds.* On the trial below, appellee read in evidence, against the objections of appellants, a deed signed James *Emmens* or *Emmons,* but which, does not clearly appear from the transcript. In the body of this deed, the grantor's name is written as it is in the patent, and he is described as belonging to the same company and regiment, as in the patent. The execution of the deed was afterwards proved by one of the subscribing witnesses, who testified, as the officer certifies, that "he knew James Emmons within named; that he was present and did see him, the said James Emmons, sign, seal and execute the within deed as his act." The objection taken, is that the name of the patentee, and of the grantor, as signed to the deed, are not one and the same, but different names. That they differ, in orthography and in sound, and that the deed, for that reason, was not admissible in evidence, without proof of the identity of the grantor as the patentee.

Whilst there is a difference in the orthography, and may be a slight variance in the sound, it is so slight as not to be substantial. It will be readily perceived, that the difference in the sound is more seeming than real. By a slight effort, or from slight negligence in pronouncing the name, as differently spelled, the same sound may be produced. When pronounced by the

most accurate speaker, there might be a slight difference perceived, but it is believed that the greater number of persons would sound them alike. Again, the subscribing witness swears that he knew the within named, and saw him sign, seal and execute the deed. He could only refer to the person described as the grantor in the deed, whose name there appears as it is in the patent. This identifies the patentee and the grantor as one and the same person; if there had been such a variance in the orthography or pronunciation of the name as to require the identity to be established, this proof would be sufficient for the purpose.

It is insisted, that as there was no proof that Richard and James Kain, and the father and mother of William Kain, died intestate, there is no evidence that the title passed to their heirs by descent. Testacy is an affirmative, and intestacy a negative fact. As a general rule, subject to a few exceptions, a party is not required to prove a negative. The very fact that the legislature has required proof of intestacy, before letters of administration are granted, shows that they understood, that in the absence of such a requirement mere proof of death would have raised the presumption of intestacy. Nor does such legislation show a design to establish, as a general rule, that intestacy must be proved. This enactment was only designed to embrace the class of cases named in the act itself, and it cannot be applied to all cases of intestacy. In other respects, it leaves the law as it was before this act was adopted. If other persons than the heir claim as devisees, it devolves upon them to establish their right, by showing that they hold title as such. It is not for the heir to prove that no one else holds as devisee or grantee from his ancestor. No authority has been cited, and it is believed none can be produced, announcing a different rule.

Appellant urges, that the conveyance describing the grantors as Samuel B. Postley and Abraham B. Kain, is not signed by them, but by "S. Brook Postley" and "A. Boudoin Kain." It is conceded, that the names are correctly written in the body of the deed, and the officer taking the acknowledgment, certifies

that he knows them to be the identical persons named in the foregoing and annexed deed of conveyance, as the makers thereof. When it is remembered that the law requires the officer to be personally acquainted with the grantor, or to have his identity proved, before he receives the acknowledgment, we can perceive no irregularity in the execution of this conveyance. The identity of the grantor, and not the person who merely signs the deed, must be established, before the officer can act. His identity is a fact that the officer must know, or have proved, before he is authorized to grant his certificate, and when he has found and certified that fact, it is binding until rebutted. There is no evidence in this record, attacking the truth of these certificates, and they must, in this particular, he held sufficient. The party executing any instrument may adopt any name, and he will be bound by its execution. If not his real name, his identity with the execution must be proved, and we think it has been done in this case.

Appellant insists, that the deed from Samuel B. Postley and Agnes his wife, Washington M. Postley and Amelia his wife, Francis, and Abraham B. Kain, to William Kain, is insufficiently acknowledged, to authorize it to be read in evidence. The certificate of acknowledgment, before McCreedy as to Samuel B. Postley and Agnes, on the 4th of November, 1859, seems to be, in all respects, in conformity with the laws of this State. Nor is any objection discovered to the certificate of Townsend, as to James Kain and Maria E. his wife, of the date of the 16th day of November, 1859. And the clerk of the Court of Common Pleas of the city of New York, certifies that Francis Kain, Abraham B. Kain and Washington M. Postley had executed and acknowledged the deed before him. This certificate as to them, without reference to the wife of James Kain, appears to be regular and sufficient.

But was the deed properly executed by Amelia Ann Postley? The act of 1853 (Sess. Laws, 89), amending the statute of conveyances, declares, that no deed by husband and wife shall be held invalid, because of any informality or omission in setting forth the particulars of the acknowledgment, by the officer

taking the same. But to this provision is annexed a proviso: that it shall appear from the certificate, in substance, that the parties executed the deed freely and voluntarily, and in cases of married women executing such deeds, it shall appear, in substance, that they knew the contents of the instrument, and were examined separate and apart from their husbands. This certificate is defective in not showing that the wife knew the contents of the deed; in failing to show, that the parties were known to the officer. Again, it does not appear that the parties acknowledged the deed both freely and voluntarily. For these reasons, if for no other, this acknowledgment was insufficient.

It is, however, insisted, that under the act of 1847 (Sess. Laws, 37), this acknowledgment is sufficient. The second section of that act declares, that any *feme covert* not residing in this State, being above the age of eighteen years, who shall join with her husband in the execution of any deed, mortgage, conveyance or other writing, of or relating to any lands in this State, shall be barred of and from all estate, right, title, interest and claim of dower therein, in like manner as if she were sole and of full age. But we have seen that the act of 1853 requires, that the wife shall be informed of the contents of the deed, before it can become operative upon her title or rights in the premises. The scope of the latter act is sufficiently comprehensive to, and we think does, embrace the whole subject-matter of the act of 1847. And in so far as the two acts conflict in their provisions, the latter must prevail. The former of these acts does not require the wife to be acquainted with the contents of the deed, whilst the latter act does, and in this the two acts are repugnant, and the latter necessarily repeals that portion of the former. This deed having been executed after the passage of the act of 1853, must be governed by its provisions.

It is again insisted, that if the acknowledgment does not conform to the requirements of our statute, still it is cured by the certificate of conformity. The prothonotary certifies that the deed is executed and acknowledged in conformity with the laws of Pennsylvania. The sixteenth section of the chapter

entitled " Conveyances," declares, that deeds, executed in conformity with the laws of any of the States, territories or the District of Columbia, when executed therein, shall be sufficient. It also declares, that the certificate of the clerk of any court of record, under the seal of such court, that such deed is acknowledged or proved in conformity with the laws of such State, territory or the District of Columbia, shall be sufficient proof of that fact. A clerk of a court of record in the State of New York also certifies, that the deed is acknowledged in conformity with the laws of that State. Do these certificates together, or either one of them, show a conformity with the law of the State in which the deed was acknowledged?

The certificate of acknowledgment itself, as well as that of the secretary of state of New York, show that Shippen was appointed a commissioner, under the laws of New York, to take acknowledgment of deeds, etc., to be used or recorded in the State of New York. There is nothing in this record which shows that this commissioner could have taken the acknowledgment of a deed, to be used or recorded in Pennsylvania. And there is no pretense that he had any authority to take such acknowledgments, to be used in this State. His own certificate excludes the right to act for either Pennsylvania or Illinois, for he says, he is authorized to take acknowledgments of deeds, etc., to be used in New York. Nor does it anywhere appear that by the laws of Pennsylvania, his acts as a commissioner would have any binding force when connected with deeds to be used in that State. No doubt, the laws of Pennsylvania authorize, or at least do not prohibit, the authorities of New York from appointing such officers, for the convenience of its citizens. And we will presume that his certificate of acknowledgment to a deed for lands lying in New York, would have been sufficient, for that was within the scope of his authority. It, however, does not follow that it is good for lands lying within this State.

When we see, from the certificate of the officer, that he derived all of his authority from the State of New York, and was acting under and conforming to the laws of that State, we

cannot hold that the certificate of the prothonotary can show that the acknowledgment conforms to the laws of the State of Pennsylvania. To have that effect, under the statute, it must appear that the officer making the certificate was an officer of the State within which the acknowledgment is made, and that he was acting under and by authority of its laws. Not that the officer belonged to and was acting under the authority and laws of another government. Had he been a commissioner of the State where the deed was executed it would be different, as the prothonotary or clerk could know that he was authorized by the laws of his State to perform the act, and whether it was in accordance with the requirements of the laws of his State. But it might as well be contended, that this prothonotary could certify that a deed acknowledged in New York, by an officer of that State, and in pursuance to the laws of New York, was acknowledged in conformity with the laws of Pennsylvania. It is enough to say, of the certificate of conformity by the clerk in New York, that the deed was not acknowledged in that State. The statute only authorizes a certificate of conformity by a clerk in the State where the deed was acknowledged. The certificates of conformity, therefore, fail to cure the defects of the certificate of acknowledgment.

It is, however, said, that inasmuch as Washington M. Postley survived his wife, having had children by the marriage with her, he thereby became entitled, by the curtesy, on her death, to a life estate in her undivided share of the premises. And that by his subsequent acknowledgment of this deed, it became operative to pass, and did pass, his life estate to appellee. Admitting this to be true, it does not necessarily follow that appellee can recover this interest in this action. Plaintiff below counts for the undivided two-thirds of the entire tract of land, in fee simple. If Washington M. Postley transferred his life estate by this conveyance, in the portion owned by his wife, the fee in that portion of the premises was still in her heirs, and appellee became vested with an interest in the premises in fee, during the life of Washington M. Postley. The eighth section of the ejectment act declares, that in every

case, except for dower, "the plaintiff shall state whether he claims in fee, or whether he claims for his own life, or the life of another, or for a term of years, specifying such life or the determination of such term."

In passing upon this section, it has been held by this court, that it was the evident intention of this legislative requirement, in this form of action, to compel the plaintiff in his declaration, to specify the nature and extent of the estate sought to be recovered. That the language of the statute is plain and explicit, admitting of but one single meaning. That it is imperative and not discretionary. That these provisions were adopted for substantial and practical purposes, founded in good reason. That the plaintiff is bound by his averments, and must recover, if at all, according to the case made in the declaration. Nor can he recover a different estate from the one he claims. *Ballance* v. *Rankin*, 12 Ill. 420 ; *Rupert* v. *Mark*, 15 Ill. 541, and *Murphy* v. *Orr*, 32 Ill. 489. This life estate could not be recovered under this declaration, it having no count for such an interest. Having declared for an undivided two-thirds in fee of the land, appellee could not recover a less undivided interest or a different estate.

The judgment was therefore unauthorized, and it must be reversed and the cause remanded.

*Judgment reversed.*