# THE CITY OF CHICAGO

*v.*

## FREDERICK SPEER *et ux.*

1. MARRIED WOMEN—*effect of act of* 1861 *on rights of action for a personal injury to wife.* It is the settled law of this court that the effect of the married woman's act of 1861 has been to divest rights of action growing out of personal injuries to the wife, of their mixed nature at common law, by wholly extinguishing that of the husband, stripping him of all authority to reduce such damages to possession, or even interfere with them without the consent of the wife, and clothing her with all the absolute rights, power and control in and over such rights of action, as a *feme sole.*

2. PARTIES—*effect of a misjoinder of plaintiffs in an action ex delicto.* Where suit was brought by husband and wife to recover damages for a personal injury to the latter, it was held that the case presented the ordinary one of a joinder of too many plaintiffs, which, even in an action *ex delicto*, is a ground of nonsuit on the trial, and for the joinder of the husband in the action the judgment in favor of the plaintiffs was reversed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. I. N. STILES, and Mr. JOHN LEWIS, for the appellant.

Mr. WILLIAM BUSH, for the appellees.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was *case*, by appellees, as husband and wife, against the city of Chicago, to recover damages for a personal injury to the wife. There was a trial upon the plea of not guilty, and verdict in favor of appellees, upon which the court, overruling a motion for new trial, gave judgment. The case was brought here by appeal, and the only error assigned, which we shall consider, is, that of overruling the motion for new trial, and rendering judgment in favor of appellees and against appellant. The bill of exceptions purports to contain all the evidence, from which it appears that there was evidence tending to show a cause of action in favor of one of the appellees, viz.: the wife; but unless the husband has the same rights in respect to damages for personal injury to the wife, since the act of 1861 concerning the separate property of married women, which he had at common law, then there is no cause of action shown in favor of both plaintiffs in the action, and the case presents the ordinary one of a joinder of too many plaintiffs in the action, which, even in actions *ex delicto*, is a ground of nonsuit on the trial. *Murphy* v. *Orr*, 32 Ill. 489.

The common law rule in actions for personal injury to the wife is stated thus: "When an injury is committed to the person of the wife during coverture, by battery, slander, etc., the wife can not sue alone in any case, and the husband and wife *must* join if the action be brought for the personal suffering or injury to the wife, and in such case the declaration ought to conclude to *their* damage, and not to that of the wife alone; for the damages will survive to the wife, if the husband die before they are recovered." 1 Chit. Pl. 72–3.

156      CITY OF CHICAGO *v.* SPEER *et ux.*     [Sept. T.

Opinion of the Court.

This rule was founded upon the common law of husband and wife, and admirably adapted to the preservation of it entire. By that law, damages for an injury to the person or reputation of the wife belonged to her,—they were her property, but subject to the right of the husband, when collected, to reduce them to possession; the exercise of which right wholly divested the wife, and made them the absolute property of the husband. But inasmuch as they belonged to the wife, subject to the marital right of the husband just mentioned, if the husband died before they were collected and reduced to possession by him, then the cause of action, if not in judgment, would survive to her; or if in judgment in their joint names, the judgment itself would belong to her, so that, under this peculiar mixture of rights, it was necessary for both to join, because, if he should sue alone, recover judgment, and die before it was collected, the judgment would go to his executor, and the wife be deprived of her rights.

Such being the interest of the wife in damages for a personal injury to her, and the husband's paramount right of control at common law, the question is as to the effect of the legislation of 1861 upon such rights. It is the settled law of this court that it has been to divest them of their mixed nature at common law by wholly extinguishing that of the husband, stripping him of all authority to reduce such damages to possession, or even interfere with them without the consent of the wife, and clothing her with all the absolute rights, power and control in and over such right of action as a *feme sole* would have.

The effect of the act alluded to is, to take away the reason of the rule requiring a joinder, and, by implication, destroy its force and application, and why does not the rule itself cease? "Reason is the soul of the law, and when the reason of any particular law ceases, so does the law itself." Broom's Leg. Max. 161.

With what propriety can the husband be joined in such action, and the declaration conclude to *their* damage, when he

has no legal interest whatever in the subject matter of the suit? If he may be joined as plaintiff and judgment recovered in their joint names, he may, in ordinary cases, receive the damages when collected, and if he may receive them, then they are exposed to the jeopardy of appropriation to his own use, and all this contrary to the manifest spirit of the statute, which was designed to subvert the common law rule of husband and wife, with all its incidents. It is a general rule that the laws and customs of the State can not be changed without an act of the legislature. This was the doctrine of the common law of England, 12 Rep. 29, and is applicable here. But we must regard the act which changes the rights of husband and wife in the very particular which afforded the reason of the rule requiring the husband to join in the action, by extinguishing his rights altogether, as dispensing with the rule itself, by necessary implication; because the joinder and its effects would be directly repugnant to, and inconsistent with, the purposes of the act.*

For the misjoinder of plaintiffs, the judgment of the court below is reversed and cause remanded.

*Judgment reversed.*

*See *Chicago, Burlington and Quincy Railroad Co.* v. *Dickson,* 67 Ill. 122 and cases there cited.