| 66   401 |
| 33a 511 |
| 66   401 |
| 28a 413 |
| 66   401 |
| 49a 255 |

WILLIAM HENNIES *et al.*

*v.*

MICHAEL VOGEL *et ux.*

1.   HUSBAND AND WIFE—*wife must sue alone for personal injury to her.* A right of action accruing by reason of personal injuries received by a married woman is her separate property, and to recover damages for such injury, she must sue alone. For any loss to the husband by reason of his wife's disabilities so occasioned, he has his separate remedy.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action of trespass, brought by Michael Vogel and Mary Vogel, his wife, against the appellants, for an assault and battery, and other personal injury, alleged to have been committed upon the person of Mary Vogel, which resulted in a verdict and judgment in favor of appellees for $1112.50.

Mr. CHARLES J. BEATTIE, for the appellants.

Mr. L. E. PAYSON, for the appellees.

Per CURIAM: This action was brought by husband and wife for personal injuries to the wife.

This court held in *C. B. and Q. R. R. Co.* v. *Dunn,* 52 Ill. 260, that a right of action arising by reason of personal injuries received by a married woman was her separate property, and to recover damages for such injuries she must sue alone. This doctrine was repeated in *Hayner et al.* v. *Smith et al.* 63 Ill. 430.

For any loss to the husband by reason of his wife's disabilities so occasioned, he has his separate remedy.

The record shows the husband had no cause of action.

The judgment of the court below is reversed.

*Judgment reversed.*