## HORACE N. HARRIS

### v.

### ELLEN BRAIN AND WILLIAM E. BRAIN.

*Trover—Action of—Parties—Husband and Wife—Property in Wife Alone — Practice — Bills of Exception—Insufficiency of—Chattels— Exchange of—Fraudulent Representations.*

1. Joinder of husband and wife in an action of trover for property belonging to the wife alone, is improper.

2. Exhibits written on sheets succeeding the signature of the judge instead of being incorporated in the bill of exceptions, constitutes no part thereof.

3. A vendee has no right to rely upon general words of praise on the part of the vendor.

[Opinion filed September 16, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. TURNER & MOORE, for the appellant.

Messrs. LONG & HUTCHINSON, for the appellees.

GARNETT, P. J.    Allusion has several times been made in the opinions of the Appellate and Supreme Courts, to the loose practice of referring, in a bill of exceptions, to exhibits, written on sheets succeeding the signature of the judge, instead of incorporating them in the bill, but appellant has not been deterred from pursuing that course, although several cases may be found where a hearing on the merits has been prevented, solely by that practice.    The words and figure "Exhibit I, here offered and admitted in evidence," is not a sufficient identification of a document marked, "Exhibit I," which precedes the title page to the bill of exceptions, or follows the signature of the judge.    Numerous documents were offered in evidence in the trial of this case in the Circuit Court, and all but one of them are identified in that way only. It is needless to say that these constitute no part of the bill of exceptions.    If appellant had to rely on these documents, which he has thus ineffectually sought to bring before us, his appeal would necessarily fail.    Another error assigned is, however, fatal to the judgment.    The action being trover, brought by Ellen Brain and William E. Brain, her husband, it appeared on the trial from plaintiff's own evidence that the property, alleged to have been converted, was the separate property of the wife, and that the husband had no interest therein. Joinder of the husband and wife in such case is clearly error. City v. Speer, 66 Ill. 154; Hennies v. Vogel, 66 Ill. 401; C., B. & Q. R. R. Co. v. Dickson, 67 Ill. 122; 1 Chitty Pl. 66.

It is charged by appellees, that in a proposed exchange between themselves and appellant, the latter gained possession of the goods in question by means of false and fraudulent

representations concerning the property he was to give them in the transaction. We find nothing in the representation concerning the property he was to give them in the transaction. We find nothing in the representations exceeding the bounds of commendation which the law tolerates in a vendor. No matter of fact was falsely stated, and appellees had no right to rely upon general words of praise.

There may be doubt whether the goods were delivered to appellant under the contract, or merely by way of temporary accommodation, and that question can be fairly submitted to a jury at the next trial, if appellees shall see fit to dismiss William E. Brain out of the case.

The judgment is reversed and the case remanded.

*Reversed and remanded.*