# City of Rock Island

## v.

## Karoline Deis.

| 38 | 409 |
|----|-----|
| 98 | 2252 |

| 38 | 409 |
|----|-----|
| 108 | 3107 |

*Municipal Corporations—Negligence of—Defective Sidewalk—Personal Injuries—Evidence—Instructions—Sec. 5, Chap. 51, R. S.—Practice.*

| 38 | 409 |
|----|-----|
| 110 | 1584 |

1. The verdict of a jury will not be set aside where the evidence is conflicting, even though it may seem to be against the weight of the evidence, unless it is apparent that they have been actuated by passion or prejudice.

2. Complaint should not be made of the refusal of instructions, where others containing the principle involved in them were given.

3. The right of action for personal injuries to a wife is property; she alone must sue for the recovery of damages for such injuries, and her husband can not, without her consent, release them; and in such action the husband is a competent witness for his wife.

[Opinion filed December 8, 1890.]

In ERROR to the Circuit Court of Rock Island County; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. JOSEPH L. HAAS, for plaintiff in error.

It has been stated that a city is not liable for every accident that may occur even from defects in its sidewalks and streets; that its officers are not required to do anything that human energy and ingenuity can possibly do to prevent the happening of accidents or injury to the citizens. City of Centralia v. Krouse, 64 Ill. 19.

A city is bound only to the exercise of reasonable prudence and diligence in the construction of its sidewalks, and is not required to foresee and provide against every possible danger or accident that may occur. It is only required to keep its streets and sidewalks in a reasonably safe condition, and it is not an insurer against accidents. City of Chicago v. Bixby, 84 Ill. 82.

Cities are not insurers against accidents, nor are they required to so construct their sidewalks as to secure immunity

from injury when used, but they fulfill their duty to the public in that regard when such walks are reasonably safe for persons exercising ordinary care and caution when using them. City of El Paso v. Causey, 1 Ill. App. 531; Village of Chatsworth v. Ward, 10 Ill. App. 75; Gibson v. Johnson, 4 Ill App. 288.

Where an action is brought to recover for an injury resulting from the negligence of another, which was not wilful or wanton, it is an essential element to a recovery that the plaintiff or party injured must have exercised ordinary care to avoid the accident. Litchfield Coal Company v. Taylor, 81 Ill. 590; Chicago City Ry. Co. v. Lewis, 5 Ill. App. 242.

In numerous cases the rule has been laid down that a city is not required to have its sidewalks so constructed as to secure immunity in using them; that its duty under the law is only to see that its sidewalks are reasonably safe for passengers exercising ordinary care and caution. City of Centralia v. Krouse, 64 Ill. 19; City of Chicago v. McGivin, 78 Ill. 347; City of Chicago v. Bixby, 84 Ill. 82; City of El Paso v Causey, 1 Ill. App. 531; Gibson v. Johnson, 4 Ill. App. 288; Village of Chatsworth v. Ward, 10 Ill. App. 75; City of Indianapolis v. Gaston, 28 Ind. 224.

Messrs. J. T. KENWORTHY and J. M. BEARDSLEY, for defend ant in error.

The instructions all announce the law of the case correctly; they are few, and upon well known and indisputable legal propositions. The plaintiff in error complains of the third; that it assumes as a fact matters in dispute. This is a mistaken construction of the language. It is an instruction that is given every day and has been sustained by this court in numerous instances. There is as much difference in the language of this instruction and that in I. C. R. R. Co. v. Zang, 10 Ill. App. 594, as there is between day and night; in the Zang case the court told the jury that the defendant's employes neglected to obey the signal of the semaphore; in the case at bar, it is put hypothetically and does not assume. The fifth and tenth instructions given are the same as the eleventh refused, and cover precisely the same

ground and point; therefore, the eleventh being a duplicate, it was not error to refuse it.   The eighth instruction refused is also a duplicate of the sixth, seventh and ninth given, and for the same reason there was no error in refusing it.   The thirteenth was not asked under the rule and was properly refused for that reason.   We respectfully submit there is no error in this record that requires a reversal of the judgment below, and think this court justified in holding the writ of error has been taken for delay only.

UPTON, J.   This was an action on the case for alleged injuries received from a fall upon a sidewalk in the appellant city, called 5th avenue, between 25th and 26th streets, which the city was bound to keep in repair, which injuries to appellee, it is claimed, arose in consequence of the negligence of the city in not keeping the planks, constituting in part the sidewalk in question, properly nailed to the stringers, and suffering the planks to be and remain loose, so that in passing over the walk with her husband on the 1st of January, 1890, using due care, the loose plank flew up, caught appellee's foot, and she unavoidably fell and seriously injured her arm and shoulder, for which injuries, and the pain and suffering and loss of time consequent thereon, with the cost and expenses in her endeavor to effect a cure, this suit is brought.

The case was heard by a jury in the court below, who returned a verdict for the appellee for $700 damages, upon which, after overruling a motion for a new trial, the court entered judgment, to reverse which this writ of error is prosecuted.   The points specially insisted upon for the reversal of the judgment below, are, first, that the verdict of the jury is not supported by the weight of the evidence; second, that, instruction number three, given for the appellee, is erroneous, in that it assumes that the city was negligent.

First.   The rule of law applicable to this contention is so well settled and so generally understood as to render citation of authorities or discussion needless.

Perhaps as favorable a statement of the general rule of law for the appellant as can be deduced from the adjudications in this State is, that the verdict of a jury will not be set

aside when the evidence is conflicting, even though it may seem to be against the weight of the evidence, unless it is apparent that the jury have been actuated by passion or prejudice.    Miller v. Balthasser, 78 Ill. 306.

It is apparent, as this record shows affirmatively, if the testimony of Mrs. Deis, Mr. Brigham, Mr. Pierce, Mr. Deis and Dr. Casler, Policeman Cary and Mrs. Dockle are to be believed, that appellee fell upon the sidewalk on the street of the appellant city, while using due care, and in consequence of the negligence of the city in not keeping the sidewalk at the place and time of the injury in reasonable repair, in the way and manner as stated and set forth in appellee's declaration, and that such defect had existed for such a length of time that the city should be presumed to have had notice of its defective condition; that such walk was old and decayed, and had been in that condition for a long time prior to the injury, and that the injuries to the appellee were of a permanent and serious character, and occasioned no inconsiderable loss of time and expense in attempting to effect a cure, as well as pain suffered in consequence of the injury, and that the street and sidewalk on which the injury occurred was one of the principal streets and walks in the city; that the manner of receiving the injury was by the foot of the appellee being caught under a loose plank in the walk, throwing her down with some force upon her left arm and shoulder, and that the walk was soon thereafter taken up by the city and another substituted in its place.

To overcome this evidence appellant introduced Dr. Barth, Mr. Meenan, Mrs. Fitsgerald, Mrs. Connell and Mr. Brenan, all of which latter evidence was of a negative character, substantially.

In view of this evidence we can not say the jury were not fully warranted in the finding, as by the verdict rendered. Much less can we say they were apparently influenced by passion or prejudice in such finding.    We think the decided weight of the testimony supports the verdict.

Second.    Appellee's instruction No. 3, complained of, is not obnoxious to the criticism upon it, by appellant's counsel.

It is based upon a hypothesis fully warranted by the evidence in the case, and we think the objection thereto is not well taken.   In no legal sense did that instruction assume the negligence of the city.   It is urged that appellant's 11th and 13th instructions were improperly refused, but the same principle therein contained, was clearly contained in others given for the appellant, viz., the 5th, 6th, 7th, 8th, 9th and 10th, and there could be no need for repetition, and hence no error in the refusal thereof.

It is contended that the court erred in admitting the husband of appellee to testify in her behalf over appellant's objection thereto.   It is settled in this State that the right of action for personal injuries to the wife is property—her property; she alone must sue for the recovery of damages for such injuries, and her husband can not without her consent release them.   C., B. & Q. Ry. Co. v. Dunn, 52 Ill. 260; Martin v. Robson, 65 Ill. 137; Chicago v. Spear, Ex'x, 66 Ill. 154; Hennies et al. v. Vogel et al., 66 Ill. 401; C., B. & Q. Ry. Co. v. Dickson, 67 Ill. 122.   Sec. 5, of Chap. 51, R. S. Ill., provides, " That no husband or wife shall by virtue of Sec. 1 of this act, be rendered competent to testify for or against each other,   *   *   *   except in cases where the litigation concerns the separate property of the wife, or the wife would be plaintiff or defendant if unmarried, etc."   In the case at bar it is seen she must be plaintiff, whether she is married or unmarried, and the litigation, as we have shown, concerns the separate property of the wife.   Mueller v. Rebhan 94 Ill. 148; C., B. & Q. Ry. Co. v. Dunn, *supra.*

The husband of appellee was therefore a competent witness for appellee, and the court below did not err in so holding.

Upon the whole record, which we have carefully examined, we think the evidence fully supported the verdict, the damages were not excessive, and that the trial court did not err in the admission or rejection of evidence on the trial, or in giving or refusal of instruction, and finding no reversible error in this record, the judgment of the trial court must be affirmed.

*Judgment affirmed.*