# The Knights Templar and Masons' Life Indemnity Co. v. Gravett et al.

1. *Misjoinder of Parties Plaintiff.*—Where a person brought a joint action of trespass on the case, to recover damages against an insurance company for an alleged fraudulent declaration of forfeiture of a policy of insurance on his life in his own name, and that of his wife, the beneficiary named in the policy, *it was held*, that there was a misjoinder of parties plaintiff, and a judgment recovered by them was reversed.

2. *Non-suit—Misjoinder of Plaintiffs.*—The joinder of too many plaintiffs in an action *ex delicto*, is ground for a non-suit on the trial. In this respect actions on contracts and for torts are alike.

3. *Husband and Wife—Misjoinder as Parties Plaintiff.*—Where a husband and wife sued jointly to recover damages for an alleged injury to the person of the wife, *it was held*, that the husband was improperly joined with the wife as a co-plaintiff in the action.

4. *Life Insurance—Right of Action in the Name of Beneficiaries.*— Where a person insured his life for the benefit of his wife, naming her in the policy as the beneficiary, and the policy contained a condition that any member having designated his beneficiary might change the same at his pleasure without notice to or consent of the beneficiary, and that all persons accepting any interest in the policy or company did so upon these express terms, *it was held* in an action to recover damages for an alleged declaration of forfeiture of the policy, that the wife had no present right of action, either to recover the premiums paid by her husband because they were not paid for her use, or to recover damages for being deprived of an expectancy, because she might be deprived of that by the act of her husband in appointing another beneficiary.

**Memorandum.**—Trespass on the case. Appeal from the Circuit Court of White County; the Hon. EDMUND D. YOUNGBLOOD, Circuit Judge, presiding. Heard in this court at the February term, A. D. 1893. Opinion filed September 8, 1893.

The statement of the facts is contained in the opinion of the court.

APPELLANT'S BRIEF, T. P. DAVIS AND C. S. CONGER, ATTORNEYS.

There is clearly no joint right of action upon the part of appellees; their right to recover damages, if they have any, is several, and not joint.

In the case of Universal Life Insurance Co. v. Cogbill et

al., 30 Gratt. (Va.) 72, where the company had become insolvent, the husbands who had taken out policies upon their own lives, but for the benefit of their wives, filed a bill to recover out of certain bonds, which had been deposited by the company in the state treasury. The company raised the question that the wives ought to have been made co-plaintiffs with their husbands. The court, however, was of the opinion that this was no good ground of demurrer, saying, " in this demand their wives had no interest. Indeed, the wives of these parties had, under the contract of insurance, no claim or demand upon the company, until after the death of the insured." And after quoting the language of the policy the court proceeds as follows : " The premiums under this contract were to be paid, and were actually paid, in each case, by the assured, and he alone had a right to demand re-payment. The wife could make no demand against the company till after the death of the husband, and she was, therefore, neither a necessary nor proper party."

In case of Abell v. Penn Mutual Life Ins. Co., 18 W. Va. 400, where a similar question was raised, it is said by the court : " The plaintiff in such action should be the person who, under the provisions of the policy, paid the premiums, though by the policy the amounts assured were to be paid on the death of the assured, to a third party."

The action in this case being for a tort, must be brought by the person whose legal right has been invaded, and none can join but those who are jointly entitled to recover. Parties having several and distinct interests can not join. Chitty on Pleading, Vol. 1, page 60, *et seq.*

" If this objection of too many plaintiffs appear on the record, advantage may be taken of it, either by demurrer, in arrest of judgment, or by writ of error, or if the objection do not appear on the face of the pleadings, it would be ground of non-suit on the trial." Ibid., page 66.

APPELLEES' BRIEF, ORGAN & ORGAN, ATTORNEYS.

We think that when the cause would survive to the wife

it does not make any difference; see Dicey on Parties, 414. That this cause would so survive to the wife, see Starr & Curtis Stat., p. 247, par. 123. The misjoinder of plaintiff leads only to increased costs. Dicey on Parties, 532; C. L. P. Act, 1860, § 19, 526, side page 504; Dicey on Parties.

OPINION OF THE COURT, SCOFIELD, J.

William Gravett, one of the appellees, sued appellant in the Circuit Court of White County, in an action of trespass on the case to recover damages for an alleged fraudulent declaration of forfeiture of a policy of insurance on his life, which was payable to Ellen Gravett, his wife, and his children or heirs in the order named. Upon the trial, appellant objected to the introduction of the policy in evidence, upon the ground that it showed no cause of action in William Gravett, whereupon the latter asked and obtained leave, against appellant's objection, to amend his declaration by making his wife, Ellen, a plaintiff with him in the action. When the policy was offered in evidence, under the amended declaration, appellant objected, alleging that William and Ellen Gravett had no joint right of action; and when the court overruled the objection, appellant duly excepted to the ruling of the court. The jury returned a verdict for appellees, and the court rendered judgment on the verdict. The question of a misjoinder of parties was again presented, on the motion for a new trial, and was renewed on the motion in arrest of judgment, and is the principal question before us for consideration. Long ago it was held by the Supreme Court of this State, that the joinder of too many plaintiffs in an action *ex delicto*, is ground for non-suit on the trial. In this respect, actions on contracts and for torts are alike. Murphy et al. v. Orr, 32 Ill. 489.

In The City of Chicago v. Speer et al., 66 Ill. 154, the husband and wife sued jointly to recover damages for an alleged injury to the person of the wife. It was held that the husband was improperly joined with the wife as a co-plaintiff in the action, and the judgment in favor of the

two was reversed on that ground. To the same effect are the cases of Hennies et al. v. Vogel et al., 66 Ill. 401, and Harris v. Brain et al., 33 Ill. App. 510. In the case before us, the policy is payable to " Ellen Gravett, wife, the children, or heirs of said member, and in the order named, unless otherwise ordered by the member in his application, or, if he chooses, subsequently by will, or otherwise." The policy provides that the constitution printed on the back thereof shall be a part of the contract. Sec. 6 of Art. VII of this constitution is as follows: "Any member having designated his beneficiary or beneficiaries, may change the same at his pleasure, without notice to, or consent of, the beneficiary or beneficiaries, and all accepting any interest in this policy or company do so upon these express terms." Now, if Ellen Gravett has any present right of action, it must be either to recover the premiums paid by her husband, or by his sons, for him, or to recover damages for being deprived of an expectancy, of which she might also be deprived by death or by the act of her husband. She can not recover the premiums, for they were not payments made specifically for her use, but for the purpose of securing a benefit for her under the policy at the time of her husband's death in case he should not exercise his power to appoint another beneficiary. The clause of the policy which fixes the amount payable at William Gravett's death at $5,000, and all the money paid on the policy in assessments, was not intended to give Ellen Gravett the right to the specific moneys paid as premiums, but merely to state the rule for the ascertainment of the amount to be paid the beneficiary, when the policy should become due. Nor can Ellen Gravett be permitted to recover for being deprived of an expectancy, for there is no conceivable rule by which her damages for such deprivation can be estimated. If she should outlive her husband, and if he should not appoint another beneficiary, and if he should continue to pay his assessments, she would be entitled to a certain sum of money at the time of his death. The case is altogether too hypothetical to authorize a present recovery of damages. But

even if Ellen Gravett has a present right of action, she can not sue with her husband, inasmuch as the measure of their damages can not be the same in any view of the case, and a joint judgment can not be rendered in their favor. For the error arising from the misjoinder of plaintiffs, the judgment is reversed, and the cause remanded.