## A. O. Blair v. Bloomington & Normal Railway, Electric & Heating Company.

1. FORMER ADJUDICATION—*when judgment in action against wife does not bar action by husband.* A judgment in an action for personal injuries instituted by a wife does not bar an action by her husband for damages independently suffered by him by reason of the injury to her and the consequent loss of her services.

2. HUSBAND AND WIFE—*what does not preclude recovery of damages suffered by former through injury of latter.* The fact that the wife may have an independent calling does not preclude the husband from a recovery of damages sustained by him as the result of an injury to her and the consequent loss of her services.

Action on the case. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded with directions. Opinion filed November 27, 1906.

LOUIS FITZHENRY, for appellant.

DE MANGE & HOBLIT and BARRY & MORRISSEY, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

By his amended declaration in an action on the case against appellee, appellant alleged that on November 11, 1905, Lillian Blair was his wife, and that appellant was the head of the family and entitled to the benefit of the services of his said wife; that on that day and date, the said wife of appellant received certain personal injuries through the negligence of appellee; that

appellant was thereby greatly injured in this, that by means of the premises his said wife then and there became sick, sore, lame and disordered, and so remained for a long space of time, to wit, from thence hitherto, and then and there was permanently injured, during all of which time appellant suffered the loss of her services, which had been prior to her injury of great value to appellant, and he was thereby hindered and prevented from transacting and attending to his usual business and affairs and was thereby caused to and did lay out and expend large sums of money in and about having the services performed for him which had been previously performed by his said wife, and that he would likewise be compelled to pay out divers large sums of money in and by having the services performed for him in the future which his said wife could and would have performed for him; and that appellant was otherwise greatly injured, inconvenienced and harassed by means of the injury to his said wife, to the damage of appellant, etc.

To this declaration, appellee pleaded specially, averring that the said wife of appellant, with the consent and approval of appellant, and with his co-operation, commenced her suit in case against appellee, January 22, 1904, in the Circuit Court of McLean county, to recover for the identical damages claimed by appellant in his declaration. The plea then sets out *haec verba* the declaration filed in the suit of Lillian Blair, wherein she alleged as and for her damages, that she had expended the sum of $300 in and about endeavoring to be cured of her injuries; that she became sick, sore, etc., and so remained; that she suffered great pain and was hindered and prevented from transacting and attending to her usual business and affairs, and thereby lost and was deprived of great gains and profits, to her damage, etc. The plea further avers that appellee filed its plea of not guilty to said declaration, and that said cause was tried be-

fore a jury September 29, 1904; that appellant was present in court and counseled with and assisted his said wife and her attorney during the trial of the cause; that the said wife of appellant, in his presence and without objection from him, testified that prior to her injury she pursued an independent calling whereby she earned from time to time considerable sums of money; that upon the testimony of the said wife of appellant as to the value of her services in her independent calling, the jury returned a verdict in her favor, covering all of the damages alleged in her declaration, for the sum of $1,000, upon which verdict the court entered judgment, and which judgment appellee paid on December 3, 1904, thereby completely satisfying all claims for damages of the said Lillian Blair and of her husband, the appellant.

Appellant interposed his demurrer to the plea, which demurrer was overruled by the court, and thereupon appellant electing to abide his demurrer, judgment was entered against him in bar of his action and for costs.

In order to constitute a former adjudication an absolute bar to a subsequent action it must appear, as a general rule, that the parties are identical or sustain a relation of privity, and that the cause of action and thing to be recovered are the same in both proceedings. Wright v. Griffey, 147 Ill. 496.

In the two cases presented by the declaration and the special plea in the case at bar there is neither identity of parties, nor a relation of privity between appellant and his wife, as parties plaintiff, nor are the damages sought to be recovered the same. We are unable to apprehend how section 7 of chapter 68 of the Revised Statutes, which provides that a married woman may receive, use and possess her own earnings, and sue for the same in her own name, free from the interference of her husband or his creditors, affects the determination of the question here involved. The judgment against appellee in the suit of Lillian Blair is conclusive as to all of the elements of damages recov-

erable by her, but if appellant also suffered damage resulting from the injury to her, which was personal to himself, and such as could not have been recovered by her in her suit, the judgment in her suit is not conclusive as to such damages recoverable by him. The mere fact that a wife pursues an independent calling does not absolve her from the performance of marital duties of service and *consortium* owing to her husband. If the pursuit by a wife of an independent calling wholly prevents her from performing any service for her husband, or affording him any companionship, then he can have suffered no substantial damage in those respects by her injury, but to the extent, much or little, that her injury has in fact deprived him of her services and *consortium,* he is entitled to be compensated in damages.

In the absence of a statute authorizing or requiring the joinder of husband and wife as plaintiffs in a suit to recover damages for a personal injury sustained by the wife, the husband cannot be joined with his wife as a party plaintiff in such a suit. City of Chicago v. Speer, 66 Ill. 154; C., B. & Q. R. R. Co. v. Dickson, 67 Ill. 122.

That the husband has a separate right of action to recover damages for the loss of services and *consortium* of his wife occasioned by her injury, is the settled law of this and other jurisdictions. C., B. & Q. R. R. Co. v. Dunn, 52 Ill. 260; Hennies v. Vogel, 66 Ill. 401; City of Bloomington v. Annett, 16 Ill. App. 199; Chicago & Milwaukee Electric Ry. Co. v. Krempel, 116 Ill. App. 253; Selleck v. Janesville, 104 Wis. 570; Skoglund v. Minneapolis St. Ry. Co. (Minn.), 11 L. R. A. 222; Blair v. C. & A. Ry. Co., 89 Mo. 383.

The judgment is reversed and the cause remanded with directions to sustain appellant's demurrer to appellee's special plea.

*Reversed and remanded with directions.*