Andrew J. Batterton *et al.*, Plaintiffs in Error, *v.* William Yoakum, Defendant in Error.

ERROR TO MENARD.

To recover in ejectment, the claimant must have such an estate in the land as entitles him to the present possession; and where there is an outstanding life estate in the land claimed, or where a valid sale of it has been made, to pay the debts of the ancestor; the heirs cannot maintain such action.

A husband by his last will gives to his wife all his estate, except so much of a described piece of land as it might be necessary to sell to pay all his just debts, to own as long as she should remain his widow; this will invest her with a life estate, if she continues unmarried.

Such a will is not to be understood as creating a charge of the debts of the deceased upon the life estate.

This was an action of ejectment for several tracts of land, commenced in the county of Menard, by the heirs of David Batterton, deceased, against William Yoakum, and tried at the October term of the Menard County Court, A. D. 1855.

The plaintiffs and defendant waived a jury, and the case was tried by the court.

The plaintiffs proved that they were the heirs of said David Batterton, and that their ancestor entered one piece of land from the United States of America, and another piece of land, both claimed in the declaration, from the State of Illinois, and known as school lands.

For the first tract of land, the plaintiff introduced in evidence, the certificate of the register. For the second piece he introduced the following evidence, to wit: The certificate of the Secretary of State, of the State of Illinois, first making affidavit of loss or destruction of original deed from State. The plaintiff further proved the marriage of some of the plaintiffs, and the marriage of their ancestors. The plaintiff further proved, that said defendant was in possession of eighty or ninety acres of said land, claiming title thereto.

The defendant then introduced in evidence the last will and testament of said David Batterton, deceased.

The plaintiffs then read in evidence, an application of the widow, who was executrix of the will, to the Sangamon Circuit Court, for the sale of said land, or so much thereof, &c., together with the exhibits filed therewith, showing the amount of the indebtedness of said David Batterton. The plaintiffs then proved the sale of the lands claimed in the declaration, and offered in evidence, the report, &c., of the sale by the executor, with the will annexed, showing the sale by report, and how much the land sold for, &c., and that the whole 160 acres were sold in a

lump, at $2.37½ per acre, making $380, and that said defendant became the purchaser, and that he was crier at the auction.

The court gave judgment for defendant.

W. HERNDON, for Plaintiffs in Error.

STUART and EDWARDS, for Defendant in Error.

SKINNER, J. This was an action of ejectment, brought by the heirs of David Batterton, to recover the premises in controversy.

The plaintiffs proved title in fee in their ancestor, that they were his legal heirs, and that Yoakum was in possession.

The defendant proved the last *will* of Batterton, and which contains the following clause: "I give and bequeath unto my beloved wife, Nancy Batterton, all my goods and chattels, together with all my stock, lands, household and kitchen furniture, only so much of the north end of the west half of the south west quarter of section seventeen, township seventeen north, of range six west, as may be necessary to pay all my just debts, with what other property she may think fit to sell, so far as to pay all the estate may be in debt; the said Nancy Batterton, to own all and everything over, so long as she, the said Nancy Batterton, remains my *widow* and no longer, then the estate to be equally divided among my heirs."

The plaintiffs then proved an order of the Circuit Court of the proper county, in a proceeding of Nancy Batterton as administratrix of the estate of David Batterton, against the heirs of said Batterton, to sell the lands in controversy, to pay the debts against said Batterton's estate. The order directs the sale of the lands, or so much thereof as should be necessary to pay said debts. They also proved a sale and conveyance under the decree, and that the defendant who was the crier or auctioneer at the sale, became the purchaser. Trial by the court and judgment for defendant.

From the view we take of the case, it is necessary to examine but one question. The proof shows that Nancy Batterton is still living, and remains the widow of David Batterton. If there is an outstanding life estate in Nancy Batterton in the lands, the plaintiffs cannot recover in ejectment.

To entitle them to recover in this action, they must have such estate in the lands as entitles them to the present possession. If the proceedings under which the sale and conveyance were made to the defendant are valid, the title to the lands is in him. If these proceedings are invalid, and ineffectual to vest the fee in the defendant, then the life estate of the widow, if such

Batterton et al. *v.* Yoakum.

estate is created by the *will*, either passed to the defendant by operation of her deed as administratrix, or remains in her.

In either event, then, the plaintiffs cannot now recover possession of the lands, unless the deed of the widow, under the order of court, purporting to convey the fee, operated to forfeit her life estate and devolve the whole estate upon the heirs.

At common law, a conveyance in fee by the tenant for life, forfeited the life estate, and those having the remainder or reversion became at once entitled to the entire estate. But this depended upon *feudal* principles that have no existence here, and hence a conveyance in fee by one having a less estate, not affecting those siezed of ulterior interests in the lands is harmless, and will operate simply to convey such interest in the lands as the grantor in fact has. 4 Kent's Com. 83, 84; *Rogers* v. *Moore*, 11 Conn. R. 553, 557.

The whole question then depends upon the effect of the will.

We think the evident intention of the testator was to vest in his widow a life estate in his lands, subject to be defeated during her life by subsequent marriage; and this estate remains in her, unless it has passed to the defendant, and if it has so passed, the plaintiffs' action is equally defeated.

The expressions used in the will in relation to the payment of debts, cannot be construed into an intention to create a charge of the debts upon the life estate devised, and are but a direction as to what portion of his lands he desired to have disposed of to pay debts.

These debts were a lien upon the lands, which, however devised, the law would appropriate to the payment of.

It is unnecessary in this case to decide upon the validity of the proceedings under which the lands were sold, though there would seem to be little difficulty upon this point, where, as in this case, they are *collaterally* brought in question. Nor, is it necessary to decide upon the effect as against the heirs, of the defendant being both auctioneer and purchaser.

The plaintiffs having no right of present possession, can have no remedy by ejectment; but if the purchaser at the sale occupied a *fiduciary* capacity, the sale may perhaps be avoided by them; and equity, perhaps, by reason of their ulterior interest in the lands, and to avoid consequences of delay, will afford relief. *Thorp et al.* v. *McCullum*, 1 Gil. 516.

The plaintiffs not being entitled to possession of the lands, the judgment of the Circuit Court is not erroneous.

*Judgment affirmed.*