# JOHN LUX

## *v.*

## NICHOLAS HOFF.

1. CONVEYANCES—*to husband and wife.* Where the estate in fee is conveyed to a husband and wife, they are neither joint tenants nor tenants in common; both are seized of the entirety, and the whole estate goes to the survivor.

2. Nor is this rule of the common law affected by the fifty-sixth section of the statute of wills.

3. RESULTING TRUSTS—*where wife furnishes money.* Where lands are bought with money of the wife, and the conveyance is to the husband and wife by name, and their heirs and assigns forever, and there is no evidence showing an intention on the part of the wife to create a trust, the law will infer that she conferred an interest on her husband, such as expressed in the deed, and no trust will arise by operation of law in favor of herself or her heirs.

APPEAL from the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

In this case, John Lux filed a bill in chancery, in the court below, reciting that complainant was sole surviving heir

54—47TH ILL.

of Barbara Hoff, deceased; that said Barbara was the mother of complainant, and was formerly the wife of John Lux, the father of complainant, and that in March, 1856, she intermarried with Nicholas Hoff, the defendant; that in November, of said year, she and her said husband purchased, with money belonging to said Barbara, a tract of land, therein named, which said tract was conveyed to said Nicholas Hoff and Barbara Hoff, to have and to hold the same, to them, their heirs and assigns forever. It charges that since the death of the said Barbara, complainant has demanded a portion or division of said lands, and that defendant has always refused to do so, or to make any equitable settlement with complainant in relation to his mother's interest.

It prays an account with said Hoff, and a decree for whatever balance complainant is entitled to thereon, and for a partition of said lands.

To this bill, the defendant, Hoff, demurred, and the court sustained the demurrer, and dismissed the bill with costs, and complainant appealed.

The only questions are, whether the complainant, as heir to Mrs. Hoff, is entitled to a partition, and whether the fact that the purchase money of the lands belonged to Mrs. Hoff, did not create a trust in her favor.

The record shows that the marriage and purchase were both prior to the act of 1861, in relation to the separate property of married women.

Mr. Thomas G. Allen, for the appellant.

1. What was said by the court in *Mariner* v. *Saunders*, 5 Gilm. 124, in relation to the right of survivorship in conveyances of this kind, was mere dictum. The question was not before the court.

2. The doctrine of survivorship, in such estates, rests upon old fiction of unity of person in husband and wife; in this

enlightened age, we have no such rule, and it has not been favored in American courts. *Sargeant* v. *Steinberger*, 2 Ohio R. 305; *Wilson* v. *Fleming*, 13 Ohio R. 68; *Whittlesey v. Fuller*, 11 Conn. 337.

3. The doctrine that the whole must remain to the survivor is abrogated by the 46th section of our statute of Wills, which provides that " estates, both real and personal, of resident or non-resident proprietors in this State, dying intestate, or whose estates, or any part thereof, shall be deemed and taken as intestate estates, and after all just debts and claims against such estate shall be paid as aforesaid, shall descend to and be distributed to his or her children, and their descendants in equal parts," etc.

Mr. Chief Justice Breese delivered the opinion of the court:

This case is submitted on the appellant's brief.

The principle has been too long settled to be now contested, that if an estate in fee be granted to a man and his wife, they are neither joint tenants nor tenants in common. The reason is, as husband and wife are but one person in law, they cannot take the estate by moieties, but both are seized of the entirety, so that neither the husband nor the wife can dispose of any part of the estate without the assent of the other, but the whole must remain to the survivor. 2 Blackst. Com. 182.

This doctrine was fully recognized by this court in *Mariner* v. *Saunders*, 8 Gilm. 113.

It is the doctrine of the common law. Thomas' Coke on Lit. 575.

Appellant, however, insists that our Statute of Wills, by the forty-sixth section, changes this rule, and the statute must control.

The same statute was in force when the decision in *Mariner* v. *Saunders* was made, and it was not then supposed it changed the common law principle, nor does it. The estate

of Mrs. Hoff, whatever it was, could not descend to her heirs, for, by the very deed creating the estate, it survived, on her death, to her husband. It was her estate, *sub modo* only. Had Hoff died, it would have become hers absolutely, and on her death descended to her heirs according to section forty-six. The estate she took, in its inception, was one which, by possibility, might become her husband's. That possibility did occur, and the whole estate is vested in him.

Upon the other point made, it is sufficient to say, there is no evidence, from the facts stated and admitted by the demurrer, of an intention to create a trust. Admit the money was furnished by Mrs. Hoff with which the land was bought, she had a clear right to confer an interest in it upon her husband, and, such an interest as should, in the event of her death, make him the absolute owner of the whole.

We can perceive no legal or equitable ground on which appellant's claim can be based. The demurrer to the bill was properly sustained, and the decree dismissing the bill must be affirmed, as there is no equity in it.

*Decree affirmed.*