ANTHONY ALMOND *et al.*

*v.*

DAVID T. BONNELL.

1. EJECTMENT—*plaintiff may recover a less interest than claimed in his declaration.* Under the ejectment act of 1872, the plaintiff in ejectment,

under a declaration claiming the fee simple of certain lands, may recover one-half, or any other fractional quantity of the whole, if the proof warrants it.

2. SAME—*under claim in fee, a life estate can not be recovered.* But when the plaintiff claims the fee simple title to land in his declaration, he can not recover an estate therein for life or for years.

3. TENANCY BY THE ENTIRETY. Where land was conveyed to husband and wife prior to the passage of the Married Woman's act of 1861, it was *held,* that both became seized of the entirety, and that neither could dispose of any part without the assent of the other, but the whole must remain to the survivor, and that the act referred to could not have the effect to divest the parties of rights which were completely vested when it took effect.

4. Where land is held by husband and wife as tenants by the entirety, as at the common law, the sale of the same on execution against the husband, followed by a sheriff's deed, will fail to pass any title whatever. It will not pass the undivided half, as in the case of the sale of the interest of one of two tenants in common.

APPEAL from the Circuit Court of Montgomery county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

This was an action of ejectment, by David T. Bonnell against Anthony Almond and Alice C. Almond, to recover a certain tract of land. The opinion of the court states all the material facts in the case.

Messrs. ROBINSON, KNAPP & SHUTT, and Mr. JESSE J. PHILLIPS, for the appellants.

Messrs. JOHN M. and JOHN MAYO PALMER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellee brought this ejectment in the court below against appellants, claiming, by his declaration, to be seized in fee simple of the lands in controversy. The appellants pleaded not guilty, and, by agreement of parties, the cause was tried by the court without the intervention of a jury. Judgment was given that appellee recover one undivided half of the

land in fee simple, and the other undivided half for the life of the appellant Anthony Almond.

Appellee's proof of title consisted of a sheriff's deed to the property in controversy, supported by a judgment and execution thereon, in his favor and against the defendant Anthony Almond, and one Weston.

Appellants' title, as proved, is this: The lands in controversy were patented by the United States to Robert Stanley, May 1, 1851, who died the same year, intestate, leaving no wife or child or children, or descendants of children, surviving him. His heirs at law were his father and mother, two brothers (John and Matthew C. Stanley) and four sisters—the defendant, Alice C., wife of the defendant Anthony Almond; Loxey, wife of Mark W. Risley; Jane Tichenor, and Hannah Stanley. Of these, the father and mother, and John and Hannah Stanley, subsequently died intestate, leaving Matthew C. Stanley, the defendant Alice C. Almond, Loxey Risley, and Jane Tichenor their only heirs at law. After this, and on the 14th of February, 1856, Mark W. Risley and Loxey Risley, his wife, and Matthew C. Stanley and wife, by their several quit claim deeds of that date, conveyed to the defendants, by the description of "Anthony Almond and Alice C. Almond, his wife," the lands in controversy, and on the 14th of April, 1857, Jane Tichenor executed a like deed of conveyance.

The first question presented by this appeal is, that the court below erred in rendering judgment for an undivided half in fee and the other half for life, when the declaration claimed the whole in fee. It is conceded by counsel for appellee, that this objection would have been good under the Ejectment act, as found in the Revised Statutes of 1845; but it is insisted that it can not now be sustained, by reason of an amendment made to the seventh section of that act by the revision thereof, in 1872. The section was originally as follows: "The premises so claimed shall be described in such declaration with convenient certainty, so that from such description

possession of the premises claimed may be delivered.   If such plaintiff claims any undivided share or interest in any premises, he shall state the same particularly in such declaration." By the revision of 1872 there is added this sentence: "But the plaintiff, in any case, may recover such part, share or interest in the premises as he shall appear on the trial to be entitled to."   Prior to this amendment, it had been always held that, under a declaration in ejectment for the entire premises, an undivided interest less than the whole could not be recovered.   We are of opinion that the amendment changes that rule, and that now, under a declaration claiming certain premises, one-half or any other fractional quantity of the whole may be recovered, if the proof warrants it.

But this only partially answers the objection urged.   Under a declaration claiming that the plaintiff was seized in fee of the entire premises, there was not only a recovery of the undivided one-half in fee, which we think was admissible under the amendment referred to, but there was also a recovery for the other undivided half for the life of one of the defendants. Neither the section nor amendment alluded to has any reference to the duration of the estate of the plaintiff—that is, whether it is for fee, for life, or for years—but they relate exclusively to the quantity or portion of the premises which he claims.   Any doubt which might otherwise exist in this respect from the language employed, is removed by the next section, which is clearly independent, and relates to a different subject.   It is: "In every case the plaintiff shall state whether he claims in fee, or whether he claims for his own life or for the life of another, or for a term of years, specifying such life or the duration of such term."

It was said by this court, in *Ballance* v. *Rankin*, 12 Ill. 420: "We hold that the plaintiff is bound by his allegations.   He must recover according to the case made in his declaration. He can not recover a different estate than the one he claims. If he claims an estate in fee, he can not recover a less estate." And this has ever since been adhered to as being the law.

Inasmuch, therefore, as the statute in respect to the duration of the estate claimed by the plaintiff in his declaration remains as it was in the Revised Statutes of 1845, we feel constrained to adhere to the construction which it has always received, and must hold that it was error, under the declaration in the present case, to render judgment for the one undivided half of the premises in controversy, during the life of the defendant Anthony Almond. It is true, we do not perceive why the statute should have been changed as to the quantity of the premises claimed, and not also, at the same time, as to the duration of the estate; but it is sufficient the legislature had the power to and seem to have changed the law in the one respect and not in the other.

The only remaining question is, did the court err in rendering judgment for one-half of the property in fee? Of this, we think, there can not be, under the facts stated, the slightest doubt. It has been seen that the defendant Alice was the owner in fee of the undivided one-fourth of the property, and that the remaining three-fourths were conveyed to the defendants, as husband and wife, which they were at the time. The common law doctrine was: "If an estate be given to a man and his wife, they are neither properly joint tenants nor tenants in common; for, husband and wife being considered as one person in law, they can not take the estate by moities, but both are seized of the entirety *per tout et non per my*, the consequence of which is, that neither husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor." 2 Blackstone's Coms. 182. This language was cited and the rule approved by this court in *Mariner* v. *Saunders,* 5 Gilm. 124, and has since been applied in *Lux* v. *Hoff,* 47 Ill. 425; *Strawn* v. *Strawn,* 50 id. 33.

But appellee argues this rule has been changed by the act in force Feb. 21, 1861, relating to the separate property of married women. Without stopping to inquire whether property so conveyed can, since that act was in force, be considered

as the separate property of the wife, it answers the present purpose that the title of the defendants to this property was vested several years prior to its enactment, and it can not be held to have the effect to divest parties of rights which were completely vested when it took effect. *Rose* v. *Sanderson,* 38 Ill. 250; *Lux* v. *Hoff, supra.*

It necessarily follows that plaintiff could not have been seized in fee of the undivided half of the property, since the defendant Anthony Almond never owned such an interest, and there is no pretense that his title is derived otherwise than through the sale and purchase of the defendant Anthony Almond's interest. The judgment is reversed and the cause remanded.                              *Judgment reversed.*