ELIZABETH WHITHAM *et al.* Appellants, *vs.* JULIA A. ELLSWORTH *et al.* Appellees.

*Opinion filed June 18, 1913.*

1. EJECTMENT—*effect of denial of affidavit of common source of title.* The effect of the defendants' denial of the plaintiffs' affidavit of common source of title is merely to neutralize the affidavit and require the plaintiffs to make such proof as would have been required had no affidavit of common source of title been filed.

2. SAME—*when proof of possession, alone, is sufficient.* Proof that the plaintiffs in ejectment had been in adverse possession of the strip of land in controversy for more than twenty years before their possession was invaded by the defendants is evidence of a fee, and must prevail if not rebutted by proof of a higher and better title.

3. SAME—*effect of special plea denying possession.* The effect of a special plea by the defendants denying their possession is to merely require the plaintiffs to prove that the defendants were in possession when the suit was brought.

4. SAME—*proof that holder of title has died raises presumption that he died intestate.* In ejectment, proof that the holder of the legal title, under whom the plaintiffs claim as widow and heir, respectively, has died, raises the presumption that he died intestate. (*Sielbeck* v. *Grothman,* 248 Ill. 435, followed.)

5. SAME—*misdescription of estate claimed does not defeat all recovery.* Since the amendment of section 12 of the Ejectment act, in 1872, the plaintiffs in ejectment may recover whatever interest they may be able to prove on the trial they are entitled to, notwithstanding the declaration claims the premises in fee.

6. SAME—*when there is a misjoinder of parties plaintiff—the effect.* The right to the possession of homestead premises is in the widow, and it is therefore improper for the widow and heir to join

as plaintiffs in an action of ejectment to recover a portion of the homestead premises, but under section 27 of the Ejectment act such misjoinder does not prevent a recovery by the widow according to her interest.

APPEAL from the Circuit Court of Fulton county; the Hon. H. M. WAGGONER, Judge, presiding.

O. J. BOYER, for appellants.

CHIPERFIELD & CHIPERFIELD, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Elizabeth Whitham and Elizabeth M. Trudgen brought an action of ejectment in the circuit court of Fulton county to recover a strip of ground two and one-half feet wide off of the east side of lot No. 17, in N. S. Wright's addition to the city of Canton. At the close of plaintiffs' evidence the court instructed the jury to find the defendants not guilty. To reverse a judgment based upon the verdict so given, plaintiffs have prosecuted an appeal to this court.

By their declaration appellants claimed the premises in fee. Appellees filed the general issue and a special plea denying that they were in possession of the strip of ground in controversy. Appellants filed an affidavit of common source of title, which was denied by a counter-affidavit. Lot No. 17 in Wright's addition to Canton is west of lot No. 16. These lots both front on Fulton place, and, as shown by the plat, are each fifty feet wide by something over one hundred and eighty feet in length. Lot No. 17 is improved with a residence, which is occupied by appellants. Appellants introduced a deed dated May 21, 1894, from Nathaniel S. Wright and wife to William Whitham for the lot in controversy. It was proved by appellants that William Whitham was the husband of Elizabeth Whitham and the father of Mrs. Trudgen; that Whitham died in 1896, leaving Elizabeth Whitham as his widow and Mrs. Trud-

gen as his only child. The evidence shows that from 1894 up to the time of his death William Whitham was in possession claiming to be the owner of lot No. 17, on which he resided with his family, and that his widow and daughter, appellants herein, have continued to occupy the family residence on said lot since his death. It further appears from the evidence that after the N. S. Wright addition was laid out, lot No. 17 was sold to Alfred Pascoe. Pascoe resided on the lot in 1891. He sold his interest to William Whitham. The deed was executed in 1894 direct from Wright to Whitham. The evidence in behalf of appellants further shows that Pascoe constructed a plank walk north and south along the line dividing lots Nos. 16 and 17. This plank walk ran from the front north along the east side of the house and was used as a means of reaching the rear of the premises. The evidence shows that this plank walk was maintained continuously as a part of the premises of appellants from the time they first moved into the house down to the fifth day of August, 1911. On that day, without any notice to anyone, appellees, with their agents and employees, entered the premises and sawed the plank sidewalk in two and removed from fifteen and one-half to seventeen inches of the walk on the east side and set posts up against the line of the walk that had been sawed off, and built a post-and-wire fence, four and one-half feet high, from the street line to the north line of the lot. When appellants discovered that appellees were removing the sidewalk they were notified to leave the premises and to desist from interfering with the walk. Appellees disregarded the notice and continued the work of destroying the walk and erecting the fence until the work was finished. In addition to the proof of actual possession appellants introduced the county surveyor, who had made a survey of lots Nos. 16 and 17, and who testified that the fence erected by appellees was twenty inches west of the true line between lots Nos. 16 and 17. C. R. Beam, a civil engineer, testified that he had made a

survey at the request of appellees, and that by his survey the line dividing lots Nos. 16 and 17 was east of the east line of the sidewalk. His testimony agrees with that given by the county surveyor. None of this evidence was contradicted. For the purpose of determining whether the court erred in directing a verdict for appellees it must be assumed that the evidence is true.

Appellees first contend that the evidence does not make a *prima facie* case for appellants. In this appellees are in error. The denial by appellees of the affidavit of common source of title simply neutralized the affidavit and required appellants to make such proof as would have been required had no affidavit of common source of title been filed. Proof of prior possession, alone, is evidence of a fee, and although the lowest, unless rebutted by a higher and better title it must prevail. (*Barger* v. *Hobbs,* 67 Ill. 592; *Keith* v. *Keith,* 104 id. 397; *Coombs* v. *Hertig,* 162 id. 171.) In the case at bar appellants proved possession and claim of ownership from 1891 down to the commencement of this suit. So far as this record discloses, appellants were in the exclusive adverse possession of the strip of ground in question for a period of more than twenty years prior to the commencement of the suit. The special plea denying possession in appellees only required appellants to prove that appellees were in possession of the premises in controversy at the time the suit was brought. This is clearly and satisfactorily established by the testimony of the surveyors, both of whom agree that the true line between lots Nos. 16 and 17 was east of the east line of the sidewalk before it was destroyed by appellees. The evidence is not disputed that appellees took possession of all of the ground under that portion of the sidewalk that was removed, by the erection of a wire fence against the edge of the sidewalk that remained after it had been sawed in two.

Appellees contend that the proof does not show that William Whitham died intestate, and that this proof is nec-

essary in order to establish a right of recovery in appellants. There is no proof that Whitham died intestate, but in the absence of such evidence, his death being shown, the presumption is that he died intestate. *Lyon* v. *Kain,* 36 Ill. 362; *Schmidt* v. *Brown,* 226 id. 590.

Appellees rely on *St. Louis, Indianapolis and Eastern Railroad Co.* v. *Warfel,* 163 Ill. 641, as announcing the rule that it is necessary, in cases of this kind, to prove intestacy. That case was referred to and distinguished by this court in *Sielbeck* v. *Grothman,* 248 Ill. 435, where it was shown that the *Warfel case* was not inconsistent with the rule laid down in other cases wherein it is held that intestacy will be presumed upon proof of death and heirship.

Appellees further contend that appellants were not entitled to recover in this action under a declaration claiming the premises in fee, since it appears that in no event would Elizabeth Whitham be entitled to more than a life estate or a homestead interest as the surviving widow of the former owner. A misdescription of the nature of the estate claimed by a plaintiff in ejectment is no longer any reason why a recovery may not be had for whatever interest the plaintiff may be able to show, on the trial, he is entitled to. Section 12 of our Ejectment act provides that the plaintiff may recover such part, share or interest in the premises as he shall appear on the trial to be entitled to. The cases of *Ballance* v. *Rankin,* 12 Ill. 420, *Rawlings* v. *Bailey,* 15 id. 178, *Clark* v. *Thompson,* 47 id. 25, and *Winstanley* v. *Meacham,* 58 id. 97, which hold that the plaintiff in ejectment must recover the precise interest and estate claimed in the declaration or fail altogether, which are relied on by appellees, were all decided prior to the amendment of section 12 in 1872. Since that amendment a different rule applies, and the plaintiff may recover whatever part, share or interest he is entitled to, as shown upon the trial. *Almond* v. *Bonnell,* 76 Ill. 536.

Appellees insist that there is a misjoinder of parties plaintiff. With this suggestion we fully agree. The action of ejectment in this State is, as it was at common law, a possessory action, and the plaintiff, to recover, must have such a title or interest in the premises as entitles him to the present possession. Mrs. Trudgen, as the sole heir of William Whitham, is the owner, by descent, of the fee in the premises in controversy, but her right of possession will not accrue until the expiration of the homestead interest in the widow, Elizabeth Whitham. Remainder-men entitled to the fee cannot maintain ejectment where there is an outstanding life estate in another, for the reason that they are not entitled to the immediate possession. (*Batterton* v. *Yoakum,* 17 Ill. 288; *Connor* v. *Nichols,* 31 id. 148; *Bonnell* v. *Smith,* 53 id. 375.) There is no proof as to the value of the homestead nor is it shown to have been assigned. The right to the possession, as well as the actual possession, of the entire lot was, under the statute, in the widow. The fact that Mrs. Trudgen was not entitled to recover in this action is no reason why her co-plaintiff, who made a *prima facie* case, should not have judgment according to her interest. Section 27 of our statute on ejectment provides as follows: "It shall not be an objection to a recovery in any action of ejectment that any one of several plaintiffs do not prove any interest in the premises claimed, but those entitled shall have judgment, according to their rights, for the whole or such part or portion as he or they might have recovered if he or they had sued in his or their name or names only."

It follows from what we have said that the court erred in directing a verdict for appellees. The judgment of the circuit court of Fulton county is reversed and the cause remanded.                            *Reversed and remanded.*