## Parkey v. Arthur.

(Decided October 25, 1932.)

B. J. BETHURUM and H. H. DENTON for appellant.

W. M. CATRON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Bertie Parkey, an infant suing by her next friend, Hepsey Seig, brought this action in ejectment against Maude Arthur (Maude Arthur Parkey), to recover a tract of land in Pulaski county worth less than $1,000.

During the progress of the action the court ordered that Maude Arthur Parkey's two children, Clayton and Sybil Parkey, be made parties defendant. At the conclusion of the evidence, the court directed a verdict in favor of the defendants. Judgment was entered accordingly, and Bertie Parkey, plaintiff below, has appealed as against Maude Arthur (Maude Arthur Parkey) alone.

The facts are these: Alfred Parkey and Hepsey Bullock were married on December 2, 1910, and appellant, Bertie Parkey, their child, was born in the year 1911. On September 9, 1912, James H. Parkey and Matilda Parkey conveyed to Alfred Parkey the land in controversy, reserving the right to remain on the land during their lives. After living together a few years, Alfred Parkey and his wife, Hepsey Bullock Parkey, separated, and on September 13, 1916, Alfred Parkey was granted a divorce by the Pulaski circuit court. On April 13, 1922, Alfred Parkey was married to Maude Arthur in the state of Oklahoma. Alfred Parkey died intestate on November 3, 1924, survived by his widow, Maude Arthur Parkey, and three children, Clayton Parkey, Sybil Parkey, and appellant, Bertie Parkey. Shortly after his death Maude Arthur Parkey, his second wife, returned to Kentucky and lived on the farm with Alfred Parkey's father until his death.

At the outset we are met by the contention that Maude Parkey's infant children, Clayton Parkey and Sybil Parkey, were not properly before the court, and that the evidence was insufficient to show that they were the children of Alfred Parkey. In reply to this contention, it is sufficient to say that Clayton Parkey and Sybil Parkey are not parties to the appeal, and the judgment, in so far as they are concerned, cannot be reviewed.

On the trial, Maude Arthur Parkey introduced in evidence over the objection of appellant properly certified and authenticated copies of the records of the county court of Cotton county, Okla., showing that on April 13, 1922, Alfred Parkey obtained from the clerk of the county court a license to marry Maude Arthur, and that they were married on that day by A. K. Price, Presbyterian minister, at Walters, in Cotton county, Okla., in the presence of Stella Oliver and Mrs. A. K. Price. The ground of objection to the evidence is that

certified records of another state are only secondary evidence, and that before they may be admitted it must be shown that the original record is in another state and out of the jurisdiction of the court in which it is sought to be introduced. The statute provides that the records and judicial proceedings of any court of any state attested by the clerk thereof, with the seal of the court annexed, if there be a seal, and certified by the judge, chief justice, or presiding magistrate of the court, to be attested in due form, shall have such faith and credit given to them in this state as they would have at the place whence said records come. Section 1635, Kentucky Statutes. In the very nature of things, the records of another state are not obtainable by a party to an action in this state, and are not within the jurisdiction of our courts. The statute makes them admissible in evidence, and proof of a condition which can never exist is not a prerequisite to their introduction.

The further point is made that the judgment divorcing Alfred Parkey from his first wife was void. The basis of this contention is that the warning order did not comply with the Code, and was not sufficient to bring the wife, who was a nonresident, before the court. On this phase of the case, the record of the divorce action is as follows:

"Pulaski Circuit Court

"Alfred Parkey, Plaintiff vs. Hepsey Parkey, Defendant.

"Affidavit

"The Plaintiff, Alfred Parkey, states that the defendant Hepsey Parkey, is a non-resident of this state and as affiant believes is absent therefrom, and that Indianapolis, in the state of Indiana, is the name of the place wherein a post-office is kept nearest to where said defendant resides.

"Alfred Parkey

"Subscribed and sworn to before me by Alfred Parkey, this the 10th day of July, 1916.

"C. I. Ross, Clerk Pulaski Circuit Court.

"Pulaski Circuit Court

"Alfred Parkey, Plaintiff, vs. Hepsey Parkey, Defendant.

"Warning Order

"The defendant, Alfred Parkey, is hereby warned to appear, and answer in thirty days the petition herein, of the plaintiff Alfred Parkey, and

Napier Adams, a regular practicing attorney of this court, is appointed to correspond with the defendant Hepsey Parkey, and notify her of the pendency, and nature of the above styled action, and accepts said appointment.

"Witness my hand this the 10th day of July, 1916.

"C. I. Ross, Clerk Pulaski Circuit Court."

The ground of attack is that the first part of the warning order describes the defendant, who is warned to appear, as Alfred Parkey instead of the real defendant, Hepsey Parkey. While a substantial compliance with the Code is necessary in order to bring a nonresident before the court, the warning order, which gives the style of the case, shows on its face that Alfred Parkey was the plaintiff, and that the placing of his name after the word "defendant" was a mere inadvertence. Not only so, but the concluding part of the warning order shows that a warning order attorney was appointed to correspond with "the defendant, Hepsey Parkey," and notify her of the pendency and nature of the action, and that he accepted said appointment. If, following his appointment, the warning order attorney had attempted to notify Alfred Parkey, and had so reported, there might be some merit in appellant's contention that the warning order was a nullity. But the report of the warning order attorney was not introduced in evidence, and the attack being collateral, and the burden being on appellant to show that want of jurisdiction affirmatively appeared on the record, Wallace v. Lackey, 173 Ky. 140, 190 S. W. 709, Harrod v. Harrod, 167 Ky. 308, 180 S. W. 797, it will be presumed in the absence of his report that the warning order attorney complied with the order of appointment, and took the necessary steps to notify the defendant, Hepsey Parkey, of the pendency and nature of the action. In the circumstances, we do not regard the mere inadvertence of the clerk in using plaintiff's name instead of defendant's name after the word "defendant," in the first part of the order, as fatal to its validity. We therefore conclude that the judgment of divorce was valid.

As Maude Arthur Parkey was the lawfully wedded wife of Alfred Parkey at the time of his death, and the land was worth less than $1,000, she was entitled to a

homestead therein, or the right to occupy the land during her lifetime. As ejectment is a possessory action, it was essential to a recovery by appellant that she show such an interest in the premises as entitled her to present possession. All that she showed was that she was entitled to an undivided one-third interest in the property, subject to the life estate of Mrs. Parkey, and no rule is better settled than that a remainderman entitled to the fee, or a portion of the fee, may not maintain ejectment during an outstanding life estate. Whitham v. Ellsworth, 259 Ill. 243, 102 N. E. 223. It follows that the directed verdict was proper.

But the point is made that the court should not have dismissed the petition, but should have adjudged appellant entitled to an undivided one-third remainder interest in the land. As the suit was strictly in ejectment, and turned on the right to immediate possession, it was not error to refuse other relief not within the purview of the petition, nor brought to the attention of the court by any other pleading.

Judgment affirmed.